**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose VARGAS–AGUIRRE, aka Jose Vargas, Defendant–Appellant.**

No. 07–10216.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2008.*

Filed March 14, 2008.

Jonathan Baghdassarian Granoff, Esq., USTU—Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose Vargas–Aguirre, FCIT—Federal Correctional Institution, William H. Callaway, Esq., Neis & Callaway, Tucson, AZ, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM **

Jose Vargas–Aguirre ("Vargas") appeals his conviction and sentence for attempted illegal reentry after deportation in violation of 8 U.S.C. § 1326. We affirm.

The district court properly denied Vargas's motion to dismiss the indictment and his motion for acquittal. There was sufficient evidence he had attempted to reenter the United States free from official restraint by presenting an Arizona driver's license and attempting to convince a border patrol officer he was a United States citizen. It was not legally impossible for him to commit the crime; if his ploy had been successful, he would have been free to proceed without further government involvement. Moreover, we have previously affirmed a conviction for attempted reentry in similar circumstances. *See United States v. Gracidas–Ulibarry*, 231 F.3d 1188, 1197 (9th Cir.2000) (en banc) (failure to instruct on specific intent harmless because of overwhelming evidence that alien, who attempted to cross the border at a checkpoint by lying about his citizenship, had attempted to reenter the country in violation of § 1326).

Vargas's sixty-three month sentence was within the correctly-computed guideline

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

range. *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2464–65, 168 L.Ed.2d 203 (2007) (reviewing court may apply presumption of reasonableness to within-guidelines sentence). The district court considered and rejected Vargas's arguments for a lower sentence, as well as the sentencing factors in 18 U.S.C. § 3553(a), and concluded this sentence was appropriate. The court did not abuse its discretion, and the resulting sentence is reasonable.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

